# CASES

## ARGUED AND DETERMINED

#### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### BOARD OF COM'RS OF LAKE COUNTY et al. v. SCHRADSKY.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1899.)

#### No. 1,187.

JURISDICTION OF FEDERAL COURTS—COLLUSIVE TRANSFER OF CAUSE OF ACTION—DISMISSAL.

In an action in a circuit court by a foreigner against a municipal corporation on coupons from its bonds, where there was evidence sufficient to sustain a claim made by defendant that the coupons in suit were in fact owned by a citizen of the same state, and that their transfer to plaintiff was merely colorable, and for the purpose of enabling the suit to be brought in the federal court, the court should have dismissed the suit, under the fifth section of the act of March 3, 1875 (18 Stat. c. 137), as collusive, or, if not fully satisfied of the collusive character of the transfer, should have granted the defendant's request to submit that issue to the jury under proper instructions.

In Error to the Circuit Court of the United States for the District of Colorado.

C. S. Thomas (Charles Cavender, W. H. Bryant, and H. H. Lee, on the brief), for plaintiff in error.

H. B. Johnson (Ralph W. Smith, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a suit on coupons to the amount of $7,642.50, which were detached from certain municipal bonds issued by Lake county, Colo. The board of county commissioners of said county (the defendant below and plaintiff in error here), in its answer to the complaint, alleged, in substance, that Frieda Schradsky (the plaintiff below and the defendant in error here) was not the owner of the coupons when the suit to collect the same was filed in the circuit court of the United States for the district of Colorado; that the said coupons belonged to certain persons, who were citizens of the state of Colorado, who could not maintain an action thereon in their own names in the federal court by reason of such citizenship;

97 F.—1

and that the suit had been brought in the name of Frieda Schradsky, an alien, for the sole purpose of enabling the real owners of the coupons to recover a judgment thereon, which they could not recover by suing in their own names in the federal circuit court for the district of Colorado. Testimony was adduced which tended strongly to support this defense, but the trial court refused to dismiss the action for want of jurisdiction, when requested to do so by the defendant below; and it also declined to allow the jury to determine from the evidence, and under proper instruction, as it was requested to do, whether the pretended transfer of the coupons to the plaintiff below was merely colorable and made for the purpose of creating a semblance of jurisdiction. These are the alleged errors which are presented for review.

The fifth section of the act of congress of March 3, 1875 (18 Stat. 470–472, c. 137), declares:

"That if in any suit commenced in a circuit court or removed from a state court to a circuit court of the United States it shall appear to the satisfaction of said circuit court at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

This section of the act of March 3, 1875, was not repealed by the amended and corrected judiciary act of August 13, 1888 (25 Stat. 433, c. 866), as the supreme court held in Manufacturing Co. v. Kelly, 160 U. S. 327, 339, 340, 16 Sup. Ct. 307. Moreover, the court of last resort has frequently decided that the statute in question prohibits the assignee of a cause of action from maintaining a suit thereon in the federal court if the assignment under which he claims is found to be colorable and collusive, and made for the sole purpose of conferring a jurisdiction on the court which it would not otherwise possess. Williams v. Nottawa, 104 U. S. 209; Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807; Manufacturing Co. v. Kelly, 160 U. S. 327, 16 Sup. Ct. 307; County Com'rs v. Dudley, 173 U. S. 243, 19 Sup. Ct. 398. The motive which may have induced the assignor or assignee of a cause of action to make or assent to the assignment is immaterial, and will not in itself impair the assignee's right to sue in the federal court, provided the assignment is real and absolute; the assignor retaining no interest in the thing assigned, or power to direct and control the litigation. But if the assignment of a cause of action is in fact colorable and fictitious, and made for the purpose of conferring jurisdiction on some federal court, it will be disregarded, no matter how formal or absolute it may appear to be. For obvious reasons, persons should not be permitted, by any stratagem or device, to impose on a federal court the settlement of a controversy not involving any federal question, unless it be one which in reality arises and exists as between citizens of different states.

The testimony in the case at bar creates a very strong presumption that the coupons in suit belong to a citizen of the state of Colorado,

and that they were placed in the hands of Frieda Schradsky, the plaintiff below, who is a young woman about 21 years old, and a foreigner, and that she was induced to advance $995.50 thereon, upon the understanding and agreement that, when the coupons were collected by a suit which was to be brought in her name in the circuit court of the United States for the district of Colorado, the sum so advanced should be refunded to her, with interest at the rate of 1 per cent. per month, and that the balance should be paid to the owner of the coupons, who had placed the same in her custody. In other words, the evidence tends very strongly to show that the plaintiff was not the owner of the coupons, but held them for the time being merely as collateral for a loan. It is contended, on the other hand, that the coupons were sold to the plaintiff below for the sum of $7,360, being very near their face value, and a bill of sale to that effect was produced and offered in evidence, in which the pretended vendor acknowledged the receipt of that sum from the vendee. It is clear from the testimony, however, that only $995.50 was paid on account of the alleged purchase, and that no further sum was to be paid by the plaintiff, unless she so elected, until the coupons were collected by a suit in the federal court, which was to be instituted in her name, and that it was understood and agreed that, when collected, all sums advanced by the plaintiff should be refunded to her, with interest thereon at the rate of 1 per cent. a month. We are satisfied, by an examination of the testimony, that the written bill of sale of the coupons which was introduced in evidence does not express, and was not intended to express, the actual agreement of the parties thereto; that it was merely a colorable conveyance, which was devised to create a pretended title to the coupons that would enable the plaintiff below to sue in the federal court, while the actual ownership of the coupons, and the right to control and direct the contemplated litigation, remained with the assignor. We are of the opinion that, under the fifth section of the act of March 3, 1875, above quoted, the trial judge, on the evidence adduced, could have directed a dismissal of the suit as he was requested to do; and that if he was not fully satisfied in his own mind that the assignment upon which the plaintiff relied was colorable and collusive, as charged, he should at least have submitted that issue to the jury, under proper instructions, as he was asked to do, there being abundant evidence tending to establish the fictitious and colorable character of that instrument. The judgment below is accordingly reversed, and the case is remanded for a new trial.