STATE, Respondent, vs. ARNOLD, Appellant.

*January 11—February 5, 1935.*

The cause was submitted for the appellant on the brief of *Bowman, Hofer & Minor* of Milwaukee, and for the respondent on that of *William A. Zabel,* district attorney of Milwaukee county, *Herman A. Mosher,* deputy district attorney, *Arthur J. Schmid,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

WICKHEM, J.   Defendant is the lessee of an oil station in the city of Milwaukee.   As a part of the service equipment, defendant maintains two wash-rooms, one for women and the other for men.   Two detectives of the Milwaukee police department entered the station on December 19, 1933, and asked permission to use the men's wash-room.   One of the officers found attached to the wall of the wash-room a slot-machine.   He inserted ten cents in this slot-machine and received a cartridge containing a rubber article, commonly used for contraceptive purposes.   This is the basis of the prosecution.   On this machine was a sign, "Sold only for the prevention of disease" and "Minors are prohibited to operate this machine."   The purchase was made for purposes of evidence, and not for the purpose of illegal use.   The machine is not constructed for the sole purpose of vending articles of the character purchased by the officers, but will automatically vend any merchandise so packed as to conform to its size requirements.   The defendant had permitted this machine to be placed on his premises and received a commission on the amount taken in by the machine.   He had nothing to do with the placing of the cartridges or other contents in the slot-machine.

Sec. 351.235, Stats., provides as follows:

"351.235   *Advertising or display of indecent articles, sale in certain cases prohibited.*   (1) As used in this chapter, the term 'indecent articles' means any drug, medicine, mixture, preparation, instrument, article or device of whatsoever na-

ture used or intended or represented to be used to procure a miscarriage or prevent pregnancy.

"(2) No person, firm or corporation shall publish, distribute or circulate any circular, card, advertisement or notice of any kind offering or advertising any indecent article for sale, nor shall exhibit or display any indecent article to the public.

"(3) No person, firm or corporation shall manufacture, purchase, or rent, or have in his or its possession or under his or its control, any slot machine, or other mechanism or means so designed and constructed as to contain and hold indecent articles and to release the same upon the deposit therein of a coin or other thing of value.

"(4) No person, firm or corporation shall sell or dispose of or attempt or offer to sell or dispose of any indecent articles to or for any unmarried person; and no sale in any case of any indecent articles shall be made except by a pharmacist registered under the provisions of chapter 151 or a physician or surgeon duly licensed under the laws of this state.

"(5) Any person, firm or corporation violating any provision of this section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than one hundred nor more than five hundred dollars or by imprisonment in the county jail for not to exceed six months, or by both such fine and imprisonment. In addition thereto, any license, permit or registration certificate issued under any law or ordinance to any such person, firm or corporation, shall be canceled or revoked."

This section, which was ch. 420, Laws of 1933, was originally introduced as a bill prohibiting birth control and providing a penalty. Its original purpose failed to secure the sanction of the legislature, and the section in its present form, which appears to represent a compromise of conflicting views, was enacted.

Defendant's first contention is that the act is so vague and indefinite as to render it unconstitutional under the Fourteenth amendment to the United States constitution. The

rule, as stated in *Connally v. General Construction Co.* 269 U. S. 385, 46 Sup. Ct. 126, is as follows:

"And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law."

It is claimed that sub. (1), sec. 351.235, in defining indecent articles, appears to include many drugs, medicines, instruments, and devices which, while capable of use either as contraceptives or abortifacients, have many innocent and lawful common uses. Coming particularly to sub. (3), under which defendant was prosecuted, it is claimed that this subsection is vague and indefinite in that it prohibits not the vending of indecent articles by a slot-machine, but the manufacture, purchase, rent, or possession of any mechanism capable, by reason of its design and construction, of vending these articles. It is contended that if literally construed, this section, as well as sub. (1), which is definitive of indecent articles, contains such broad and inclusive prohibitions of legitimate articles of commerce as to constitute an unreasonable, arbitrary, and unwarranted exercise of the police power. In support of this contention it is urged that any antiseptic is capable of use as a contraceptive, including vinegar, sour milk, bichloride of mercury, as well as such proprietary antiseptics as lysol, listerine, and pepsodent. It is further contended that many drugs and devices having common legitimate uses, are capable of being used as abortifacients, and that a law prohibiting their advertisement, display, or sale is an unwarranted interference with legitimate business. It is contended that the words of the act will not bear a limited meaning; that the court must virtually amend the act to achieve a sensible or sustainable act; and that when it does so, the act cannot be read by those who are affected by its provisions with any fair chance of arriving at its precise meaning, except by guess.

The objections raised are serious ones. It is evident that the act is not drafted with the degree of precision that is desirable, although it must also be recognized that the subject-matter offered considerable difficulty to the draughtsman. The charge that the act is vague and obscure, and consequently void under the rule of the *Connally Case,* cannot be sustained merely because the act offers some difficulties and requires construction to arrive at its meaning. If, by the ordinary process of construction, a practical or sensible meaning may be given to the act, it is not void for uncertainty. *Adams v. Greene,* 182 Ky. 504, 206 S. W. 759. In *State v. P. Lorillard Co.* 181 Wis. 347, 193 N. W. 613, it is said:

"It is hardly necessary to cite authorities for the familiar rule for construing statutes that the court should give effect to the intent when that is clear rather than to the letter of the act; that the intent is to be gathered from the whole statute taken together, and not from words and phrases separate from the context. In arriving at the intent the object and purpose of the statute are to be considered. . . .
"Applying the rule that in determining the meaning of the section of a statute it should be considered as a whole and not in piecemeal, and the other rule that in passing on the constitutionality of a statute we must presume in favor of its validity until the violation is shown beyond reasonable doubt, we hold that this objection is not well taken."

In the light of these rules we proceed to an examination of the law itself. The title of the act indicates that its subject is the advertising, display, and sale of indecent articles. In other words, its restrictions are designed to affect these three operations, or operations closely related to them. Sub. (1), which is definitive of indecent articles, may appear, if literally construed, to include within the definition any substance or device capable of producing a miscarriage or preventing pregnancy. This, however, was obviously not the legislative intent. It is not to be lightly assumed that the legislature

intended the regulations of the act to extend to articles having a legitimate, common use, although capable of being used for improper purposes. The words of the statute are, "used or intended or represented to be used." The legislature evidently intended to deal with something other than the mere capabilities of devices and drugs. We construe these words to mean, (1) articles solely capable of use as contraceptives or abortifacients; or (2) appropriate to that use and sold with the intention or purpose that they be so used or upon the representation that they are effective for that purpose. Sub. (2), containing the prohibition against advertising or displaying such articles for sale, relates only to articles, the sole function of which is that of a contraceptive or abortifacient, or which purport to be such. Sub. (3), dealing with mechanical devices for the vending of these articles, prohibits the manufacture, purchase, rent, or possession of a machine or device solely designed or appropriate for vending contraceptives or abortifacients, or having the capacity to vend and actually containing these articles ready for sale by mechanical means. Sub. (4) forbids the disposition of indecent articles to any unmarried person, and forbids this sale under any circumstances except by a physician or pharmacist, duly licensed under the laws of the state.

An examination of the act satisfies us that the foregoing represents the intention of the legislature. In *Youngs Rubber Corp. v. C. I. Lee & Co.* (C. C. A.) 45 Fed. (2d) 103, p. 108, the court was dealing with sec. 396 of the criminal code (18 USCA, § 396), which prohibited the deposit with any common carrier, for carriage from one state to another, of any drug, medicine, article, or thing *designed, adapted, or intended for preventing conception, or producing abortion*. In commenting upon this, the court says that "this language would seem to forbid the transportation by mail or common carriage of anything 'adapted,' in the sense of being suitable or fitted, for preventing conception or for any indecent or immoral purpose, even though the article might

also be capable of legitimate uses and the sender in good faith supposed that it would be used only legitimately." The court says that "the intention to prevent a proper medical use of drugs or other articles merely because they are capable of illegal uses is not lightly to be ascribed to congress." The court continues: "It would seem reasonable to give the word 'adapted' a more limited meaning than that above suggested and to construe the whole phrase 'designed, adapted or intended' as requiring an intent on the part of the sender that the article mailed or shipped by common carrier be used for illegal contraception or abortion or for indecent or immoral purposes." See also *Davis v. United States* (C. C. A.), 62 Fed. (2d) 473.

Applied to this case, we conclude that the legislature did not have in mind an omnibus condemnation or regulation of every article capable of producing an abortion or preventing pregnancy; that it was the intent of the legislature to deal with articles whose sole purpose, or whose intended purpose or represented function was to produce these results; and that, in general, it was the intention of the legislature wholly to prohibit the sale of such articles to unmarried persons or by any one except a physician or pharmacist. In aid of the latter provision, it was determined to prevent the sale of these articles by mechanical means. In order to make this effective, the prohibition goes to the manufacture, purchase, rent, or possession of machines solely designed to vend such articles, or by reason of their construction, capable of vending them, and actually containing these articles ready for vending. It will at once be contended that since the definition of an indecent article depends in part upon the purpose of the sale, or the represented function of the article, and that since the device vended by this machine purports to be sold solely for the prevention of disease, the article does not fall within the definition of indecent articles and this conviction cannot be sustained. The particular article involved is as effective for contraceptive purposes as for disease preven-

tion, and this is also true of drugs, the operation of which is antiseptic rather than mechanical. The difficulty with appellant's position in this respect is the insistence that the protestations contained upon this slot-machine that this is "sold only for the prevention of disease" and that "minors are prohibited to operate this machine," are conclusive as to the intent. We think they are not. We think the sale of this particular device in a public toilet by a mechanical vending machine is a sufficient warrant for the inference that the purpose of its sale was contraception and not merely the prevention of disease.

The further contention that this act is unconstitutional because it discriminates between married and unmarried persons, raises a question of classification. We find no necessity for examining this question, since the rights of this defendant are in no way affected by the discrimination, if it exists, and since no one can plead the unconstitutionality of a law other than a person affected thereby. *Will of Heinemann*, 201 Wis. 484, 230 N. W. 698.

Defendant's final contention is that the court erred in denying defendant's motion to make the complaint more definite and certain. It is contended that the particular charge here involved is not sufficiently set forth by couching the complaint in the words of the statute. It is claimed that defendant had a right to know whether his crime consisted in the possession of a slot-machine solely designed for an unlawful purpose, or one capable of lawful use which defendant used for unlawful purposes. It is further claimed that defendant had a right to be informed as to the character of the articles claimed to constitute "indecent articles."

We see no occasion for discussing the merits of the order denying the motion to make more definite and certain. Sec. 269.43, Stats., requires that this court disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the defendant. An examination of the record indicates that there was no misun-

derstanding upon the part of defendant as to the nature of the offense with which he was charged. There were no issues of fact in the case, and not only no evidence but no probability that the complaint, assuming it to have been somewhat vague and uncertain, in any manner prejudiced defendant in meeting the issues.

*By the Court.*—Orders and judgment affirmed.