STATE, Respondent, vs. TWENTIETH CENTURY MARKET, Appellant.

*September 13—December 3, 1940.*

216

For the appellant there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *Norris E. Maloney,* district attorney of Dane county, and *Walter M. Bjork,* assistant district attorney, and oral argument by *Mr. Platz* and *Mr. Bjork.*

Briefs *amici curiæ* were filed by *Bagley, Spohn, Ross & Stevens,* attorneys, and *Francis Lamb* of counsel, all of Madison, for the Wisconsin Retail Food Dealers' Association, by *Arthur A. Levin,* attorney, and *Aaron Horowitz* of counsel, both of Milwaukee, for the National Association of Tobacco Distributors, Wisconsin Division, and by *Wright & Mayer* of Milwaukee, for the Reed Drug Company.

FAIRCHILD, J. The so-called Unfair Sales Act is designed to thwart the disposition to engage in reckless competition by outlawing the "loss leader" as an instrument in merchandising. Defendant was charged with advertising the articles with intent to induce the purchase of other merchandise, with unfairly diverting trade from competitors, and impairing and preventing fair competition.

Attention of the lower court was, by consent of parties, directed principally to the question of the constitutionality of the statute. The defendant contended that it was an arbitrary and unreasonable attempt to exercise the police power of the state; that it bore no reasonable relationship to the evils which the statute sought to remedy; that it was so vague and uncertain as to violate the due-process clause of the Fourteenth amendment to the federal constitution and sec. 1, art. I, of the Wisconsin constitution; and that the state legislature may not replace the presumption of innocence in a criminal case by a presumption of guilt unrelated to the facts. The attorney general was of the opinion that the purpose of the act was not objectionable on constitutional grounds in that it was reasonable and definite. The court concluded that the law was constitutional and adjudged the defendant guilty.

We follow the rule that the constitutionality of a law should not be determined except in cases where the question is necessarily presented and the court has the benefit of full argument upon the issues to be affected. The statute provides for its enforcement not only by criminal prosecution but also by proceedings in equity, and there is in the act a provision as to the severability of clauses should some part fail to comply with constitutional requirements.

This is a criminal case, and the answer to the question of whether the defendant's acts place it in a position to be affected by the statute here challenged, determines largely our approach to a consideration of the validity of the statute as well as to the validity of the judgment of the lower court. The defendant did not demur to the information, nor was any pleading interposed admitting that anything had been done in a manner forbidden by the statute. Sec. 100.30 (3), Stats., reads:

"*Illegality of loss leaders.* Any advertising, offer to sell, or sale of any merchandise, either by retailers or whole-

salers, at less than cost as defined in this section, with the intent, or effect, of inducing the purchase of other merchandise or of unfairly diverting trade from a competitor or otherwise injuring a competitor, impair and prevent fair competition, injure public welfare, and are unfair competition and contrary to public policy and the policy of this section, where the result of such advertising, offer or sale is to tend to deceive any purchaser or prospective purchaser, or to substantially lessen competition, or to unreasonably restrain trade, or to tend to create a monopoly in any line of commerce."

No proof was offered to establish the existence of any intent on the part of defendant or of the effect of "inducing the purchase of other merchandise or of unfairly diverting trade from a competitor or otherwise injuring a competitor." Sec. 100.30 (4), Stats., reads:

"Any retailer who shall advertise, offer to sell or sell at retail any item of merchandise at less than cost to the retailer as defined in this section . . . shall be guilty of a misdemeanor punishable upon the first conviction by a fine of not less than ten dollars, nor more than fifty dollars, and upon each subsequent conviction punishable by a fine of not less than fifty dollars, nor more than five hundred dollars. Proof of any such advertising, offer to sell or sale by any retailer . . . in contravention of the policy of this section shall be *prima facie* evidence of a violation hereof."

It is in the latter subsection that we find a declaration of the elements of the offense, decreeing it to be a misdemeanor and fixing the penalty. From the language there used, even if free from constitutional objections, it appears that there can be no *prima facie* case unless the acts complained of are committed "in contravention of the policy of this section." Therefore, before we reach the constitutional question, our inquiry is directed to whether the evidence before the lower court showed beyond a reasonable doubt that the defendant violated the provisions of the statute. If there is no showing of a violation, the conviction cannot be sustained. And if

the conviction is not sustained, none of defendant's rights are prejudicially affected and there is no necessity of considering the constitutional question. *Will of Heinemann*, 201 Wis. 484, 230 N. W. 698; *State v. Arnold*, 217 Wis. 340, 258 N. W. 843. We conclude, that under the facts as presented in this case, no determination of the constitutionality of sec. 100.30, Stats., is required.

As pointed out, sub. (4) of the act provides that any retailer who shall advertise, offer for sale or sell an article at less than cost as defined by the statute shall be guilty of a misdemeanor. To assist in the prosecution it is provided in that same subsection that proof of any such advertising, offer to sell or sale in contravention of the policy of sec. 100.30, Stats., shall be *prima facie* evidence of a violation. It now must be conceded that for the prosecution to make out a *prima facie* case under the statute it is necessary to prove the act of advertising, offering to sell or a sale at less than cost is "in contravention of the policy" of the section. It must show that the defendant used some article as a "loss leader." This has not been done, and it is not within the province of the legislature to declare an individual guilty of a crime. *McFarland v. American Sugar Refining Co.* 241 U. S. 79, 36 Sup. Ct. 498, 60 L. Ed. 899. A sale below cost is not a loss-leader sale unless it is used with the intent or effect of inducing purchases, diverting trade from a competitor, or otherwise injuring him. Thus, the intent to violate the law as fixed in the statute is included in the premises of the presumption rather than in its conclusion. Supposing the statute declaring that certain facts shall be presumptive evidence of guilt were held to be a rightful exercise of legislative power, still the controlling fact here is intent to contravene the purpose or policy of the act, or a creation of a certain effect. A sale with intent to contravene the purposes of the statute must therefore be proven before a *prima facie* case is made out.

All the evidence there is, aside from the advertising, indicates an honest effort to anticipate and meet competition and to conserve the capital investment of the defendant. Even if the court disbelieve this testimony, that would do no more than create an absence of testimony and an absence of testimony is fatal unless there is some presumption based on facts reasonably capable of creating a sufficient case. When the intent to induce or injure is in dispute a jury question has arisen. The burden of proof in the sense of convincing the trier of fact is not put upon the defendant by such a presumption as is here involved. The most that can be done is to change the order of proof, requiring the defendant to come forward with evidence. In cases of the character under consideration that situation does not arise until it appears that the act of the defendant was in contravention of the policy of the statute. Underhill, Criminal Evidence (4th ed.), p. 67, § 51; 1 Wharton, Criminal Evidence (11th ed.), p. 210, § 196, p. 236, § 211.

"To impute a wrongful intent to those who have none, to make guilt dependent upon a legislative fiat, ought not to be tolerated under our system of criminal jurisprudence." *Great Atlantic & Pacific Tea Co. v. Ervin,* 23 Fed. Supp. 70, 82. If we were to assume, which we do not, that the mere sale below cost plus an allowed markup warranted a presumption that the defendant acted in contravention of the policy of the act, there would still remain the question of whether, from all the evidence, the court could find the defendant guilty beyond a reasonable doubt. 1 Jones, Evidence (2d ed.), p. 292, § 173; 9 Wigmore, Evidence (3d ed.), p. 281, § 2487 (d), p. 293, § 2494; *Dietrich v. State,* 187 Wis. 136, 203 N. W. 755; *Schlesak v. State,* 232 Wis. 510, 287 N. W. 703. But the evidence offered, unaided by presumption arising from the acts of defendant as to its intent or the effect of its act, does not support the judgment of conviction. The advertising at less than cost

as defined in the statute stands alone against the defendant. The only other evidence offered was defensive in its nature. Evil intent is denied, and there is no evidence that the advertising complained of tended to deceive any purchaser, substantially lessen competition, unreasonably restrain trade, or to create a monopoly in any line of commerce. When the defendant pleaded not guilty, and brought forth its reasons for acting as it did, under the presumption of innocence, it placed itself in a position before the court where it could not be said of defendant that it had violated the Unfair Sales Act as written.

It doubtless is true that it may be a difficult matter to establish the necessary facts beyond a reasonable doubt in a given case unless the advertising is so done as to amount to false representations. An illustration of this character of advertising may be found in the case of *Rust v. Griggs*, 172 Tenn. 565, 578, 113 S. W. (2d) 733, cited upon this appeal. There the advertisement was so arranged as to be deceptive. The court describes it in the opinion and says of it: "This advertising was plainly deceptive. The poster indicated that all the articles enumerated thereon were to be sold for cash and for less than they could be had elsewhere . . . other articles advertised were sold at market prices and some of them at prices above market prices." Illustrations of violations may be readily found in cases where large operators have endeavored to create monopolies by underselling competitors for a sufficient period of time to eliminate the smaller competitor from the field. It is such acts as these just suggested which necessarily tend to "result in unemployment, disruption of leases, and nonpayment of taxes and loans, and contribute to an inevitable train of undesirable consequences, including economic depression." (Sec. 100.30 (1), Stats.) If difficulty of enforcement does result in a given case, it is undoubtedly due to the rights involved and the terms of the statute. However that may be, stand-

ards and requirements have been fixed by the legislature, and until there is proof beyond a reasonable doubt that the act of a defendant is "in contravention of the policy" adopted by sec. 100.30, no case warranting a conviction is made out. By the plea of not guilty the defendant put in issue every essential fact necessary to establish the offense, and when at the close of the evidence a *prima facie* case has not been made the defendant must be acquitted. That being the situation, it is considered that the proper course to be pursued is to hold that the evidence does not show the defendant, by its acts, placed itself within the field attempted to be governed by sec. 100.30.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the defendant.