COMMONWEALTH *vs.* JOHN R. GOLDBERG.

Suffolk.     October 4, 1943. — June 27, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Contraceptive.   Advertising.*

A finding of a violation of the provisions of G. L. (Ter. Ed.) c. 272, § 21, prohibiting the advertising of contraceptives was warranted by evidence and inferences therefrom that the proprietor of a novelty shop had for sale therein articles adapted to use as contraceptives, and that he placed on the counter in the shop, for his customers to take, cards containing statements which referred to such articles and were of such a nature as to tend to further the purchase of the articles by customers and to show an intention of the proprietor that the articles be used as contraceptives.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on October 8, 1941.

On appeal to the Superior Court, the case was heard by *Higgins,* C.J.

*W. I. Schell,* for the defendant.

*J. J. Sullivan,* Assistant District Attorney, (*F. T. Doyle,* Assistant District Attorney, with him,) for the Commonwealth.

FIELD, C.J.   A complaint was issued from the Municipal Court of the City of Boston which charged the defendant with advertising "to wit, certain instruments, to wit, certain condoms, the same to be used for the prevention of conception." Upon appeal to the Superior Court the complaint was tried before a judge sitting without a jury. At the conclusion of the evidence the defendant "moved that a verdict be directed in his favor." The motion was denied and the defendant was found guilty. The defendant excepted.

The only testimony offered against the defendant was the testimony of a sergeant of police. He testified that the defendant was then, and had been previously for eight years, in the business of operating a "novelty store" under the

name of "Jack's Shop," "wherein trick cards, rubber goods and the like are sold; that among other things sold were condoms; that the witness had received three cards and a pamphlet from the office of the superintendent of police"; that the witness had a talk with the defendant on this subject matter as a result of the information received; and that three days later "the witness told the defendant that the police had received a complaint that the defendant was passing out cards advertising rubber goods to prevent conception; that the defendant denied it, and said: 'I left such cards on the counter to have customers pick them up'; that the witness then showed the defendant three cards and a pamphlet . . . which the witness had received from the office of the superintendent of police, and the defendant said: 'I have not been giving them out, customers are free to take them if they want to.' On cross-examination, this witness testified that in response to a question from the witness, the defendant said: 'I sell the rubber goods to prevent disease.'" The cards and pamphlet were introduced in evidence and are made a part of the bill of exceptions. No "further testimony or evidence material to the complaint was offered."

An exception does not lie to the finding of the judge. *Federal National Bank* v. *O'Connell*, 305 Mass. 559, 564–565. Moreover, since the case was tried before a judge sitting without a jury, the defendant's motion "that a verdict be directed" had no standing as such, but we treat it as a request for a ruling that the evidence did not warrant a finding against the defendant and the denial of the motion as a ruling that the evidence warranted such a finding. *Commonwealth* v. *Hull*, 296 Mass. 327, 328–329. *Commonwealth* v. *Carter*, 306 Mass. 141, 143.

The defendant was charged with violation of that part of G. L. (Ter. Ed.) c. 272, § 21, that imposes a penalty upon whoever "advertises" "any drug, medicine, instrument or article whatever for the prevention of conception." The same section imposes a penalty upon whoever "sells, lends, gives away, exhibits, or offers to sell, lend or give away" any such "drug, medicine, instrument or article whatever."

The evidence warranted a finding that the defendant advertised the instruments or articles described in the complaint. It could be found that the cards and pamphlet referred to the instruments or articles in question and were in such form as to tend directly or indirectly to further the purchase, by persons entering the store, of the instruments or articles in question. *Commonwealth* v. *Allison*, 227 Mass. 57, 62. Even on the defendant's own statement to the police sergeant it could have been found that the defendant issued the cards and the pamphlet for the purpose of furthering the purchase of such instruments or articles, and that thereby he advertised them. See *Commonwealth* v. *Hooper*, 5 Pick. 42.

The defendant relies upon the case of *Commonwealth* v. *Corbett*, 307 Mass. 7, which arose under the statute here involved as applied to a sale of condoms, wherein the phrase "for the prevention of conception" was interpreted in the light of its context as meaning "intended to be used for" that purpose, and it was held that proof of a sale of condoms, even though they were adapted to the purpose of preventing conception, was insufficient to support a conviction without further proof that the condoms were sold with an intention on the part of the seller that they be used for that purpose. But the evidence in the present case warranted the inference that these instruments or articles were advertised by the defendant with an intention on his part that they be used for the purpose of preventing conception. Of the three cards and the pamphlet — all herein referred to as "cards" — two have the statement "Play safe — Use Jack's high grade disease preventative Rubber Goods." The other two bore similar statements. All of the cards bore stories or anecdotes of a vulgar nature, three of which referred to sexual intercourse, and of the three one referred to the birth of a child as the result of such intercourse. We think that it could be inferred that the instruments or articles were advertised by the defendant for use by purchasers to insure safety in sexual intercourse, not only from disease but also from the normal result of such intercourse — conception. See *State* v. *Arnold*, 217 Wis. 340, 347–348.

*Exceptions overruled.*