State ex rel. Heath, District Attorney, Respondent, vs. Tankar Gas, Inc., Appellant.

*February 26—April 8, 1947.*

*Kenneth E. Worthing* of Fond du Lac, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz* and *Earl Sachse,* assistant attorneys general, and oral argument by *Mr. Platz* and *Mr. Sachse.*

WICKHEM, J. Defendant is engaged in the business of wholesaling and retailing gas and operates two filling stations in Fond du Lac. On October 5, 1945, defendant inserted the following advertisement in a Fond du Lac newspaper:

FREE

Friday Thru Monday

2 Gallons
Gasoline

(You Pay The Tax)

With each 7 gallon purchase of Tankar
Super Gasoline — October 5 thru October 8
Higher Octane
NOW    More Mileage
Smoother Performance
Once you try it — you'll always buy it

TANKAR STATION

295 West Scott St.          253 North Main St.

The state contends that this advertisement violated sec. 100.30, Stats. So far as material here sec. 100.30 provides as follows:

"(1) *Policy.* The practice of selling certain items of merchandise below cost in order to attract patronage is generally a form of deceptive advertising and an unfair method of competition in commerce. . . ."

Sub. (2) (j), sec. 100.30, Stats., provides:

"(j) When one or more items are advertised, offered for sale, or sold with one or more other items at a combined price, or are advertised, offered as a gift, or given with the sale of one or more other items, each and all of said items shall for the purposes of this section be deemed to be advertised, offered for sale, or sold, and the price of each item named shall be governed by the provisions of paragraph (a) or (b) of subsection (2) hereof."

Sub. (3), sec. 100.30, Stats., provides:

"(3) *Illegality of loss leaders.* Any advertising, offer to sell, or sale of any merchandise either by retailers or whole-

salers, at less than cost as defined in this section, with the intent, or effect of inducing the purchase of other merchandise or of unfairly diverting trade from a competitor, impairs and prevents fair competition, injures public welfare, and is unfair competition and contrary to public policy and the policy of this section."

The balance of sub. (2), sec. 100.30, Stats., is devoted to regulations governing the ascertainment of a fair price and need not be set forth in detail.

Since the two gallons of gasoline advertised as free with the purchase of seven gallons were "offered as a gift, or given with the sale of one or more other items" sec. 100.30 (2) (j), Stats., from which the above phrase was taken, applies and requires that the price of each item be governed by earlier paragraphs of the same subsection specifying the manner of establishing cost.

The controversy is narrow, it being the contention of the state that the two gallons of gas shall have separately applied to them the cost requirements of sec. 100.30 (2), Stats., whereas defendant contends that the entire nine gallons, together with the total purchase price at which they were sold are to be considered in applying the requirements. It appears from affidavits filed on motions for summary judgment that considering the sale to have been one of nine gallons of gas, the transaction satisfies all of the conditions of sub. (2).

In support of its contention the state points out that sec. 100.30 (2) (j), Stats., provides that when one or more items are offered for sale with one or more other items at a combined price, or one or more items are offered as a gift with the sale of other items, *each* and *all* of said other items are deemed to be offered for sale and the price of *each* item named shall be governed by provisions definitive of cost. It is thus claimed that in every case where a gift is offered with the sale of merchandise the requirements of the cost and loss-leader sections must be applied separately to the gift. It is obvious that if

the state is right sec. 100.30 (2) (j), in combination with sec. 100.30 (3), prohibits the offering of a gift of merchandise in connection with or contingent upon the sale of other items, because separately considered the giving of a gift is always a sale below cost under the definitions of sec. 100.30 (2) and every such gift therefore constitutes a loss-leader. Had it been the legislative intent to prohibit gifts of merchandise in connection with sales we cannot believe that this intent would have been expressed in such a devious manner as is suggested by the contentions of the state. While it is literally provided that the price of each item named including the gift shall be governed by the provisions of sections defining cost, that does not mean that a violation results when any particular item fails to meet these standards. Sec. 100.30 (2) (j) assumes the propriety of offering goods for sale at a combined price or as a gift in connection with the sale of other items. The particular subsection is not definitive of loss-leader, contains no prohibitions, and is simply part of a subsection setting up the mechanics for ascertaining whether goods are sold at a loss or not. It will not sustain a conclusion that goods are not to be offered as gifts in connection with a sale. It simply provides that in determining the relation of price to cost each item must be deemed to have been sold and must meet the standards of the cost sections. In sec. 100.30 (3), which establishes the illegality of loss-leaders, the term "item" is dropped and the reference is to the sale of any merchandise. The legislature sought by the Unfair Sales Act to prevent transactions in which, considered as a whole, there was a sale of goods at less than cost for the purpose of unfairly attracting business. The typical loss-leader involved the sale of a single item at less than cost in order to attract patronage to the place of business of the advertiser. A possibility of evasion existed in the case of the sale of various items for a combined price or the offering of gifts in connection with the sale of other things. A suitable prohibition would dispose of these transactions but

the legislature did not do this. It took care of the situation by providing, (1) that each item involved must be deemed offered for sale; (2) that each item must be considered separately in relation to the cost and price provisions; and (3) that the total price for the sale at a combined price or the sale with a gift added must measure up to the aggregate cost of the goods. If on this basis the transaction falls below the standards bearing on the relation between cost and price there is a violation. If not, there is none.

The state claims that in any case this is a deceptive form of advertising and within the general condemnation of the statute, but sub. (1) of sec. 100.30, Stats., heretofore quoted, answers this contention. This is a preamble to the Unfair Sales Act and states its policy. The key to the purposes of the act is the statement that "The practice of *selling certain items of merchandise below cost* in order to attract patronage is generally a form of deceptive advertising and an unfair method of competition in commerce." There follows a recitation to the effect that such a practice causes a list of specified business evils. It will be noted that the vice aimed at in the statute is not deceptive advertising *per se* but the practice of offering or selling merchandise below cost.

This conclusion conforms to the court's view of the act heretofore expressed in *State v. Twentieth Century Market,* 236 Wis. 215, 294 N. W. 873, makes it unnecessary to consider defendant's claim that the law is unconstitutional and, indeed, deprives defendant of the standing to make such a contention.

*By the Court.*—Order reversed, and cause remanded with directions to grant defendant's motion for a summary judgment.