42 N.J. Super. 578 (1956)
127 A.2d 451
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL KOHN AND AARON SIMON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Essex County Court, Law Division (Criminal).
Decided November 30, 1956.
*579 Mr. Charles V. Webb, Jr., Essex County Prosecutor (Mr. C. Robert Sarcone, appearing), attorney for the State of New Jersey.
Mr. Saul C. Schutzman, attorney for Samuel Kohn.
Mr. Henry Rubenson, attorney for Aaron Simon.
GAULKIN, J.C.C.
Defendant Kohn owns a wholesale and retail rubber goods business, and defendant Simon is one of his employees. Simon sold a package of condoms to a detective and as a result defendants were convicted of violating N.J.S. 2A:170-76, Kohn in that he did possess, and Simon in that he did sell (in the words of the complaints) "without just cause * * * an article known as a rubber prophylactic * * * designed and purportedly designed for the prevention of conception." Defendants appeal.
Since no stenographic record was made below, these appeals came before this court for a "plenary trial de novo without a jury." R.R. 3:10-10. In their openings, before any testimony was taken, counsel for defendants vigorously attacked N.J.S. 2A:170-76 as invalid by reason of its vagueness. Counsel agreed to treat the openings as motions to dismiss the complaints, and the taking of testimony was deferred until a ruling on the motions. Excellent briefs were thereafter filed by all counsel, after which the matter was ably argued orally.
Defendants' argument may be summarized as follows:
A statute, especially one with criminal sanctions, which *580 either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application is invalid, and violates "the first essential of due process of law." A law must adequately inform persons of the things they are forbidden to do. In support of these propositions defendants cite United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921); Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); State v. N.Y. Central R.R. Co., 37 N.J. Super. 42 (App. Div. 1955).
N.J.S. 2A:170-76 provides:
"Any person who, without just cause, utters or exposes to the view of another, or possesses with intent to utter or expose to the view of another, or to sell the same, any instrument, medicine or other thing, designed or purporting to be designed for the prevention of conception or the procuring of abortion, or who in any way advertises or aids in advertising the same, or in any manner, whether by recommendation for or against its use or otherwise, gives or causes to be given, or aids in giving any information how or where any such instrument, medicine or other thing may be had, seen, bought or sold, is a disorderly person."
When this statute was first passed (L. 1869, p. 1115) it did not contain the words "without just cause." The statute then "was unqualified in its terms * * * like * * * 18 U.S.C. § 1461 * * * and like other similar statutes enacted then and thereafter in a nation-wide movement," State v. Tracy, 29 N.J. Super. 145, 151 (App. Div. 1953).
Although our statute has been on our books since 1869, no reported case arose under it prior to the Tracy case. When similar statutes came before other courts, those courts fell into two groups in their constructions. Some, including the federal courts, held that although their statutes by their terms absolutely forbade possession of or traffic in contraceptives, "the intention to prevent a proper medical use of * * * articles merely because they are capable of illegal use is not lightly to be ascribed" to a legislature. Youngs Rubber Corp. v. C.I. Lee & Co., 45 F.2d 103, *581 108 (2 Cir. 1930); U.S. v. One Package, 86 F.2d 737 (2 Cir. 1936); State v. Arnold, 217 Wis. 340, 258 N.W. 843 (Sup. Ct. 1935); Commonwealth v. Corbett, 307 Mass. 7, 29 N.E.2d 151 (Sup. Jud. Ct. 1940). Therefore those courts required that there be shown "an intent * * * that the article * * * be used for illegal contraception." Tracy, 29 N.J. Super., at page 150; Youngs Rubber Corp. v. C.I. Lee & Co., supra; United States v. One Package, supra; United States v. Nicholas, 97 F.2d 510 (2 Cir. 1938); Davis v. United States, 62 F.2d 473 (6 Cir. 1933); Commonwealth v. Corbett, supra; Commonwealth v. Werlinsky, 307 Mass. 608, 29 N.E.2d 150 (Sup. Jud. Ct. 1940).
However, some state courts with similar absolute statutes refused "to inject into their statutes such an exception," Tracy, 29 N.J. Super., at page 151, and held that the intent of the defendant is immaterial. State v. Nelson, 126 Conn. 412, 11 A.2d 856 (Sup. Ct. Err. 1940); Tileston v. Ullman, 129 Conn. 84, 26 A.2d 582 (Sup. Ct. Err. 1942); Commonwealth v. Gardner, 300 Mass. 372, 15 N.E.2d 222 (Sup. Jud. Ct. 1938); Lanteen Laboratories, Inc. v. Clark, 294 Ill. App. 81, 13 N.E.2d 678 (App. Ct. 1938).
Defendants concede that, construed in either of the foregoing fashions, our 1869 statute would not have been void for uncertainty, for then it would have either (a) forbidden all of the stated acts, without regard to intent, or (b) forbidden only those acts done with unlawful intent. However, say defendants, when the words "without just cause" were added in 1877 (Rev. 1877, § 44, p. 234), it was no longer possible to construe the statute as an absolute ban; that after these words were added the only possible construction of our statute that would not make it vague to the point of invalidity was the one adopted by the federal courts  namely, that it may be shown that defendant did not intend that the article be used illegally. Defendants contend that in the Tracy case the Appellate Division placed a construction on the statute which is neither one nor the other of the possible constructions discussed above; that *582 that construction is binding on this court; and that so construed, the statute is fatally vague, indefinite and uncertain.
Defendants say that the Tracy case held that defendant's intent is never material in a prosecution under this statute. They ask, how can a defendant prove just cause without going into the question of intent? They point out that the Appellate Division took judicial notice that a condom is designed "to prevent not only conception but also disease." Sale of an article to prevent disease is not forbidden by this or any other statute, yet the Tracy case has held, say defendants, that despite the fact that an article may be used for a legal as well as an illegal purpose, where one of the "substantial designs" of the article is to prevent conception, "any person who * * * comes into possession of it" is guilty (Tracy, 29 N.J. Super., at page 150) unless he can show "just cause." Where, as here, against Kohn, the only overt act charged is possession, and intended legal use may not be proven, how can one possibly prove just cause?
Defendants point out that even when an item is usable only for contraception  e.g., a pessary  possession for "`proper medical care' and the like" is with just cause (Tracy, 29 N.J. Super., at page 151); U.S. v. One Package, supra. However, possession for just cause is not established merely by proving the status of the possessor  e.g., that he is a doctor or druggist  but by proving his lawful purpose, i.e., his intent. Ackley v. U.S., 200 F. 217 (8 Cir. 1912); Youngs Rubber Corp. v. C.I. Lee & Co., supra; Davis v. United States, supra; U.S. v. Nicholas, supra; Commonwealth v. Corbett, supra.
Obviously then, say defendants, if one may legally possess a pessary, the sole function of which is to prevent conception, if he intends that it be used only for proper medical purposes, then the possession of condoms is legal or illegal  with or without just cause  depending on their intended use. For example, if a doctor possesses them only for the use of his patients to prevent disease, or for cases in which *583 he may legally advise contraception, that is just cause. And if a physician may possess or prescribe them, a manufacturer may make them, a trucker deliver them, a jobber wholesale them, and a druggist retail them  for legal purposes. A central issue, therefore, in each case is the possessor's purpose, and therefore, say defendants, they know of no way to prove just cause without showing intent. Indeed they say they do not know what is meant by the words "just cause," "proper medical care," and especially "the like," if intent is drained out of them.
Defendants therefore conclude by insisting that this court must accept every word of the Tracy opinion construing this statute as binding upon it; and if that is done, this court must declare the statute is invalid and unconstitutional because of its vagueness. U.S. v. L. Cohen Grocery Co., supra; Connally v. General Construction, supra.
If the interpretation placed by defendants on the Tracy opinion were the only one possible, the logical conclusion might be that which defendants urge, but it does not seem to this court that their interpretation is the correct one.
If any interpretation of the statute and of the Tracy case is possible that will lead to the conclusion that the statute is valid and constitutional, it is the duty of this court to find it. Daly v. Daly, 21 N.J. 599 (1956); Woodhouse v. Woodhouse, 17 N.J. 409 (1955); Lynch v. Borough of Edgewater, 8 N.J. 279 (1951); St. John the Baptist Greek Catholic Church of Perth Amboy v. Gengor, 121 N.J. Eq. 349 (E. & A. 1936); State v. Brandt, 122 N.J.L. 488 (Sup. Ct. 1939); State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504 (E. & A. 1936).
Further, it is not lightly to be assumed that the Appellate Division adopted a construction which, if it were as defendants contend, would so obviously lay the statute open to the attack now made on it.
It does not seem to this court that the Tracy case goes as far as defendants contend it does. To begin with, it must be remembered that in the Tracy case the court was careful to stress that "* * * with respect to the statutory provision *584 as to just cause no question was raised below and the briefs here do not go into it." Obviously the Appellate Division would not undertake to pass with finality upon so important a question when it was not raised, briefed, argued, or necessary to the decision of the pending case.
In the Tracy case the defendant was the owner of vending machines, located in men's toilets in gasoline stations, which dispensed condoms mechanically to anyone who inserted a quarter. It could not even be pretended that Tracy had just cause, or that his true purpose was anything other than to harvest quarters. Indeed, Tracy did not offer any testimony. Neither the self-serving legend on the package, nor even Tracy's honest hope (if it existed), that those who bought would use the article only for lawful purpose, could overcome the inferences to be drawn from proof of his status and how and where he sold. State v. Arnold, supra; Commonwealth v. Goldberg, 316 Mass. 563, 55 N.E.2d 951 (Sup. Jud. Ct. 1944).
Some anti-contraceptive statutes expressly define the circumstances under which contraceptives may be dispensed, as for example that it must be by a druggist on a doctor's prescription. See, for example, 4 Burns' Indiana Statutes Anno. (1956) sec. 10-2803; Revised Statutes of Maine, 1954, c. 25, sec. 114 et seq.; Compiled Laws of Michigan (1948), sec. 329.251; Revised Code of Montana (1947), c. 94, sec. 94-3617; 39 McKinney's Consolidated Laws of New York, 692, 696, secs. 1142, 1145. Our statute does not do so. If our Legislature had intended to make the enumerated acts lawful only when done by a physician or under his orders, it could easily have said so. The fact that our Legislature used the words "without just cause" indicates that it did not intend so narrow an exception. Such general language as "without just cause" may properly be used by a legislature in a statute only when "the conduct intended to be prohibited is not fairly susceptible of definition in other than general language." Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947); *585 State v. N.Y. Central R.R. Co., 37 N.J. Super. 42 (App. Div. 1955); Berardi v. Rutter, 42 N.J. Super. 39 (App. Div. 1956); State v. Frankel, 42 N.J. Super. 7 (App. Div. 1956).
The Legislature therefore must have intended that varied congeries of circumstances might arise which the Legislature could not predict, which were not to be reached by this statute.
It is important also to note that when this statute was revised in 1952 and became N.J.S. 2A:170-76 the words "without just cause" were retained. By 1952 there was a considerable body of case law on anti-contraceptives. Therefore when the Appellate Division said in 1953 in the Tracy case (29 N.J. Super., at page 151) that the words "`without just cause,' * * * make provision for the very situations that concern the federal courts, the cases of proper `medical care' and the like" the Appellate Division well knew what had arisen in the federal courts, and in the state courts that follow the federal rule, and how those cases had been decided, and obviously meant to equate the words "without just cause" in our statute with those decisions.
It seems to me, in short, that what was meant in the Tracy case was that by and large, allowing for the difference in the wording of our statute, we would follow the principles laid down in those federal cases which dealt with proper medical care. To emphasize that the court did not mean to limit "just cause" only to what had been decided in the federal cases reported to the date of the Tracy case, the Appellate Division added the words, "and the like" following "`proper medical care.'"
The Appellate Division well knew that in those federal cases to which the court equated "just cause" the question of intent often loomed large, and was an important issue and a major subject of proof. Hence it is the view of this court that when the status of the defendant and the circumstances of the possession make the determination of just cause turn upon the purpose of the possessor, that *586 purpose not only may but must be proven, and in such case nothing in the Tracy case forbids such proof. It seems to me that what the Tracy case says, in effect, is that where the defendant is a bartender, a bellboy, a grocer, a confectioner, a tobacconist, a newsvender or in some similar occupation, there is little or no room to talk about the intent or purpose of defendant's possession. On the other hand where the defendant is one who could possess for "just cause"  as for example the physician, the druggist, or the jobber  the purpose of the possession, i.e., the intent, becomes material and may be proven, not by the private thoughts of the defendant but as intent is usually proven, namely by all of the circumstances in the case.
So construed the statute is not unconstitutional or void for uncertainty and the motions to dismiss the complaints are denied.