KARL W. MARQUARDT, R.PH., J.D., Executive Secretary PharmacyExamining Board
You request my opinion as to the constitutional status of sec.450.11, Stats., which contains provisions similar to those of a New York statute held to be unconstitutional by the United States Supreme Court. See Carey v. Population Services International,431 U.S. 678 (1977).
Section 450.11, Stats., reads:
 ADVERTISING OR DISPLAY OF CONTRACEPTIVE ARTICLES, SALE IN CERTAIN CASES PROHIBITED. (1) As used in this section, `contraceptive article' means any drug, medicine, mixture, preparation, instrument, article or device of any nature used or intended or represented to be used to prevent a pregnancy.
 (2) Except for sales to physicians and surgeons licensed under s. 448.06 (1), no person may exhibit, display, advertise, offer for sale, or sell any drug, medicine, mixture, preparation, instrument, article or device of any nature used or intended or represented to be used to produce a miscarriage.
 (3) No person may exhibit, display or advertise any contraceptive article for commercial purposes.
 (4) No person may manufacture, purchase, rent, or have in the person's possession or under the person's control, any vending machine, or other mechanism or means so designed and constructed as to contain and hold contraceptive articles and to release the same upon the deposit therein of a coin or other thing of value.
 (5) No person except a pharmacist registered under s. 450.02, a physician or surgeon licensed under s. 448.06 (1), or a professional nurse registered under s. 441.06, may offer to sell or sell contraceptive articles.
 (6) Any person violating this section shall be fined not less than $100 nor more than $500 or imprisoned for not to exceed 6 months or both. *Page 22 
In the case above cited, Carey v. Population ServicesInternational, a mail-order distributor of nonprescription contraceptive devices advertised its products in various New York periodicals. An action was commenced in federal court challenging the constitutional validity of various provisions of a New York statute which, among other things, prohibited the distribution of nonprescription contraceptives except through licensed pharmacists and which proscribed the advertising of such devices.
The High Court held that any statute which prohibits advertising and displays of contraceptive drugs or articles would be unconstitutional. The Court reasoned that "a State may not `completely suppress the dissemination of concededly truthful information about entirely lawful activity,' even when that information could be categorized as `commercial speech.'"431 U.S. at 700. Also see Va. St. Bd. of Pharm. v. Va. Cit. Cons.Council, 425 U.S. 748, 773 (1976).
In view of the foregoing pronouncement, subsec. (3) of sec.450.11, Stats., which proscribes exhibits, displays and advertising of contraceptives for commercial purposes, could not withstand a constitutional challenge.
Although the Carey decision dealt with statutes relating to contraceptives, it equated the right to prevent conception with the right to terminate pregnancy. 431 U.S. at 694. Thus, the ban against exhibiting, displaying and advertising drugs, articles and devices to produce a miscarriage contained in subsec. (2) of sec. 450.11, Stats., is constitutionally overbroad under the holding in the Carey and Va. St. Bd. of Pharm. cases, supra.
The High Court also ruled that the portion of the New York statute which limited distribution of contraceptive articles by pharmacists imposed a significant burden on the right of individuals to use contraceptives. 431 U.S. at 689. The Court noted that such a ban as applied to nonmedical contraceptives had no relationship to the state's interest in protecting health.
Accordingly, subsec. (5) of sec. 450.11, Stats., which restricts the sale of contraceptives by a small class of licensed professional people, is unduly limited with respect to retail distribution of nonmedical contraceptives. This subsection is also constitutionally infirm. Similarly, subsec. (2) is unconstitutional to the extent it bans sales or offers of sales of nonprescription items. *Page 23 
Subsection (4) of sec. 450.11, Stats., as construed in State v.Arnold, 217 Wis. 340, 347, 258 N.W. 843 (1935), effectively prohibits the sale of contraceptive articles through vending machines. The supreme court expressed no opinion on whether restrictions on the distribution of nonhazardous contraceptives through vending machines are constitutional. 431 U.S. at 691, fn. 11. The court's comment seems to indicate that restrictions reasonably related to the objective of quality control may be constitutionally permissible. Section 450.11 (4), Stats., cannot be saved by such a construction, however, since the intention of the Legislature in passing the statute has been determined authoritatively as prohibiting "the sale of such articles to unmarried persons or by anyone except a physician or pharmacist."217 Wis. 340 at 347. Since these two purposes were held to be unconstitutionally impermissible in Carey, sec. 450.11 (4), Stats., is also constitutionally infirm.
BCL:WLJ